UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHATMAN, CDCR #BD-5474,<br><br>Plaintiff,<br><br>vs.<br><br>LIQUOR STORE, et al.,,<br><br>Defendants. | Case No.: 3:18-cv-00563-GPC-JMA<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

ERIC CHATMAN ("Plaintiff"), currently incarcerated at Salinas Valley State Prison in Soledad, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

Plaintiff claims he was assaulted and "treated badly" by a clerk at a liquor store near Chicano Park in San Diego sometime in late 2017 while he was attempting to buy oatmeal. *Id.* at 3, 4. Plaintiff claims he was attacked by the clerk, who was Arabic and has "hatred toward American customers," because he is a "clean cut American" and "look[s]

1

like a U.S. General." *Id.* at 3-4. Plaintiff seeks $55 million in general and punitive damages, and "hope[s] [the clerk] calms down." *Id.* at 7.

Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he submitted his Complaint; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). He has since submitted an additional exhibit and a letter addressed to the Court, both of which repeat the allegations in his Complaint, and seek assistance in obtaining "video" evidence. *See* ECF Nos. 4, 7. Those documents have been accepted for filing in light of Plaintiff's pro se status, and despite Local Civil Rule 83.9, which clearly prohibits such ex parte communications. *See* ECF Nos. 3, 6.

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful

suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

The Court has reviewed Plaintiff's Complaint, as well as his subsequent exhibit and letter, and concludes none of these pleadings contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff's alleged claims of having been subject to an "attack" by a liquor store employee on an unspecified date in 2017, and evidently before he was incarcerated, are plainly

3

3:18-cv-00563-GPC-JMA

suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

The Court has reviewed Plaintiff's Complaint, as well as his subsequent exhibit and letter, and concludes none of these pleadings contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff's alleged claims of having been subject to an "attack" by a liquor store employee on an unspecified date in 2017, and evidently before he was incarcerated, are plainly

3

3:18-cv-00563-GPC-JMA

frivolous. *See e.g., Vey v. Clinton,* 520 U.S. 937, 937 (1997) (denying pro se litigant IFP status based on alleged civil rights and RICO violations by U.S. President and private citizens as "patently frivolous."); *see also Byrd v. Dir. of Corr.*, No. 3:15-CV-2339-GPC-KSC, 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding prisoner's allegations of having been denied access to court and discriminated against based on race and religion insufficient to invoke § 1915(g)'s imminent danger exception); *In re Gonzalez*, 2008 WL 666465 at *2-3 (N.D. Cal. March 6, 2008) (finding prisoner with a "delusional tale" of having a "special genetic structure," and being "irradiated … by radioactive smoke" by "government scientists," did not plausibly allege "imminent danger of serious physical injury."); *Holz v. McFadden*, 2010 WL 3069745 at *3 (C.D. Cal. May 21, 2010) (finding "imminent danger" exception to § 1915(g) inapplicable where prisoner implausibly claimed the FBI and BOP were "going to kill him."); *Sierra v. Woodford*, 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show Plaintiff faced an "ongoing danger" as required by *Cervantes*).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Eric Chatman, identified as CDCR Inmate #BD-5474, has had four prior prisoner civil actions dismissed in this district alone on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Chatman v. Toyota of Escondido, et al.*, Civil Case No. 3:17-cv-01853-BAS-JLB (S.D. Cal. Nov. 8, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 18) ("strike one");

2) *Chatman v. Cush Acura, et al.*, Civil Case No. 3:17-cv-01852-WQH-JLB (S.D. Cal. Nov. 21, 2017) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 20) ("strike two");

3) *Chatman v. Super 8 Motel, et al.*, Civil Case No. 3:17-cv-02517-DMS-JMA (S.D. Cal. Feb. 15, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike three"); and

4) *Chatman v. Super 8 Motel Co., et al.*, Civil Case No. 3:18-cv-00213-BAS-NLS (S.D. Cal. Feb. 20, 2018) (Order Granting Motion to Proceed IFP and Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without leave to amend) (ECF No. 6) ("strike four").

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while

enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.[1]

**IT IS SO ORDERED**.

Dated: May 14, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] While the Court has previously accepted Plaintiff's letters for filing despite his failure to comply with the Court's Local Rules, he is hereby cautioned that S.D. Cal. Local Civil Rule 83.9 provides that "attorneys or parties to any action must refrain from writing letters to the judge," and that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). <u>Therefore, any additional letters he attempts to file in this matter will be summarily rejected based on Local Rule 83.9, and because this Order terminates his case.</u>